UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERSH & HERSH,

    Plaintiff,

    v.

US DEPARTMENT OF HEALTH
AND HUMAN SERVICES, et al.,

    Defendants.
_____/

No. C 06-4234 PJH

**ORDER DENYING MOTION TO DISMISS**

    Intervening defendant Guidant Corporation ("Guidant")'s motion to dismiss plaintiff Hersh & Hersh's ("plaintiff") complaint came on for hearing before this court on May 9, 2007. Plaintiff appeared through its counsel, Mark Burton and Jeanette Haggas. Guidant's counsel did not appear at the hearing.[1] Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES Guidant's motion to dismiss.

## BACKGROUND

    This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On September 19, 2005, plaintiff requested certain records by letter from the Office of Inspector General ("OIG") pursuant to FOIA. These records generally related to reports submitted by Endovascular Technologies, a subsidiary of Guidant, pursuant to an agreement between it and OIG. Plaintiff requested these documents in relation to its litigation against Guidant on behalf of plaintiffs implanted with allegedly defective Guidant defibrillators. Plaintiff was not notified within 20 days by the agency about its FOIA request as required by statute. Plaintiff renewed its request in the form of a November 1, 2005

---

[1] The court had advised the parties at the case management conference that it would decide the motion on the papers, but forgot and mistakenly left the motion on for hearing.

letter. See Complaint for Injunctive Relief ("Complaint") ¶¶ 7-9. On November 3, 2005, OIG acknowledged receipt of plaintiff's request and indicated that it had forwarded the request to the Department of Health and Human Services ("HHS"). Id. ¶ 10.

HHS responded to the request on March 31, 2006, stating that it was releasing 859 pages of responsive documents, withholding 145 documents and portions of other documents pursuant to certain FOIA exemptions (based on trade secret and confidential commercial/financial information), and noting that additional records were not yet reviewed and would be forthcoming. Id. ¶ 12. When plaintiff filed its complaint on July 10, 2006, despite numerous phone and email communications to the HHS FOIA office, plaintiff had still not received the additional documents. Plaintiff's complaint alleges a single cause of action for violation of FOIA and wrongful withholding of agency records and requests the court to order HHS to produce the requested records in their entirety and award plaintiff costs and attorneys fees.

On February 27, 2007, HHS issued a final letter in response to plaintiff's request, stating that of 4554 pages of records from OIG, HHS was producing 439 pages of responsive records and withholding 3963 pages of records pursuant to FOIA exemption (b)(4) relating to confidential commercial/financial information. On March 23, 2007, plaintiff appealed HHS's final letter ruling to HHS. As of the hearing, plaintiff had not yet received a decision on its administrative appeal.

Guidant now moves to dismiss the complaint arguing that plaintiff failed to exhaust its remedies, and that the court therefore lacks subject matter jurisdiction. Guidant argues that plaintiff has not exhausted its administrative remedies because it failed to appeal HHS's March 31, 2006 ruling before filing suit.

**DISCUSSION**

A.  Legal Standard

Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873

1 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or
2 factual.  In a facial attack, the challenger asserts that the allegations contained in a
3 complaint are insufficient on their face to invoke federal jurisdiction.  In a facial attack, the
4 court must consider allegations of the complaint as true.  By contrast, in a factual attack,
5 the challenger disputes the truth of the allegations that, by themselves, would otherwise
6 invoke federal jurisdiction.  In resolving a factual attack on jurisdiction, the district court may
7 review evidence beyond the complaint without converting the motion to dismiss into a
8 motion for summary judgment.  The court then determines the facts for itself.  See Safe Air
9 v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

10       A plaintiff must exhaust administrative remedies before filing a FOIA action.  5
11 U.S.C. § 552(a)(6)(A); In re Steele, 799 F.2d 461, 465 (9th Cir. 1986).  If a plaintiff fails to
12 exhaust his administrative remedies, the court lacks subject matter jurisdiction.  Hymen v.
13 Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986).

14       B.    Guidant's Motion

15       Guidant argues that plaintiff failed to exhaust its administrative remedies under
16 FOIA, because once HHS responded to plaintiff's FOIA request, plaintiff was required to file
17 an administrative appeal with HHS before filing suit in this court.  "Courts have consistently
18 confirmed that the FOIA requires exhaustion of th[e] appeal process before an individual
19 may seek relief in the courts."  Oglesby v. United States Dep't of Army, 920 F.2d 57, 61-62
20 (D.C. Cir. 1990).  If the agency has not responded within the statutory time limits, then,
21 under 5 U.S.C. § 552(a)(6)(C), the requester may bring suit.  But once the agency
22 responds to the FOIA request, the requester must exhaust his administrative remedies
23 before seeking judicial review.  The requester may no longer exercise the option to go to
24 court immediately.  Id. at 63-64; see also Allen v. IRS, 2004 U.S. Dist. LEXIS 13107 (D.
25 Ariz. 2004) ("While the Ninth Circuit has not specifically addressed the issue, other circuits
26 have held that a requester has not exhausted his administrative remedies when an agency
27 responds late to a request, but responds before the requester files suit.") (citation omitted).
28

HHS responded to plaintiff's FOIA request and made a partial disclosure of documents on March 31, 2006, after the statutory deadline, but before plaintiff filed suit. Plaintiff makes a number of unpersuasive arguments as to why it was not required to appeal HHS's ruling. Plaintiff first argues that defendants have waived administrative exhaustion by not asserting it as an affirmative defense in their answer. Defendants have not waived this defense, because a party does not waive a challenge to a court's subject matter jurisdiction by failing to raise the issue in its first responsive pleading. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (subject matter jurisdiction can never be forfeited or waived).

Plaintiff also argues that an appeal of HHS's March 31, 2006 response was not necessary, as appealing would be futile because numerous communications with the OIG before the March 2006 interim response revealed that defendants had not received all documents which it would have to review and indicated that a civil complaint would expedite plaintiff's request. But a slow response does not indicate that the agency response is "set" and that recourse to administrative remedies would therefore be futile. See, e.g., Sokha Sun v. Ashcroft, 370 F.3d 932, 943 (9th Cir. 2004) ("where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required").

In addition, relying on the Administrative Procedure Act, 5 U.S.C. § 706, plaintiff maintains that the court can compel agency action. That Act, however, only permits judicial review of "final agency actions" and does not circumvent FOIA's exhaustion requirements. See 5 U.S.C. § 704.

Finally, plaintiff argues that HHS waived its right to withhold any documents because of its delay. But plaintiff cites no authority in support of this argument, and the proper remedy for an agency's failure to adhere to the statutory deadlines is for the court to order the agency to respond or to review the request itself. See Oglesby, 920 F.2d at 64.

1    Nonetheless, plaintiff has now filed an administrative appeal with HHS.  When HHS issued its final February 27, 2007 response to plaintiff's FOIA request, it instructed plaintiff to appeal within 30 days.  Plaintiff did so, thereby exhausting its administrative remedies.  HHS was required to make a determination with respect to that appeal within 20 days, but it has not yet done so.  See 5 U.S.C. § 552(a)(6)(A)(ii).  Even assuming without deciding that a jurisdictional defect existed before the filing of the administrative appeal, it has been cured and there is no reason to require a re-filing of the complaint.  Thus, the court can now act on the complaint.

When an agency does not comply with FOIA's time limits, the court may order the agency to respond to the request, or, the court may review the request itself *de novo*.  See Oglesby, 920 F.2d at 64.  If the agency is working diligently, but exceptional circumstances have prevented it from responding on time, the court will refrain from ruling on the request itself and allow the agency to complete its determination.  Id.  However, while plaintiff's complaint requests that the court order HHS to immediately process the request and to produce the requested records in their entirety, and a similar request appears in its opposition to Guidant's motion, plaintiff has not moved for any relief.  Accordingly, no action by the court in plaintiff's favor is warranted at this time, as the only motion before the court is Guidant's motion to dismiss for plaintiff's failure to exhaust administrative remedies.

## CONCLUSION

In accordance with the foregoing, Guidant's motion is DENIED.

IT IS SO ORDERED.

Dated:  May 11, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge