1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  SARA WINSLOW (DCBN 457643)
   Assistant United States Attorney
4       450 Golden Gate Ave., Box 36055
        San Francisco, CA 94102
5       Telephone: (415) 436-6925
        Facsimile: (415) 436-6748
6       Email: sara.winslow@usdoj.gov
   Attorneys for Defendant HHS
7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11  HERSH & HERSH,                    )    No. C 06-4234 PJH
                                      )
12        Plaintiff,                  )    **DECLARATION OF ROBERT
                                      )    ECKERT IN SUPPORT OF UNITED
13        v.                          )    STATES DEPARTMENT OF HEALTH
                                      )    AND HUMAN SERVICES' MOTION
14  UNITED STATES DEPARTMENT OF       )    TO DISMISS**
    HEALTH AND HUMAN SERVICES, et     )
15  al.,                             )    Date:   July 25, 2007
                                      )    Time:   9:00 a.m.
16        Defendants.                 )
    _____ )    Courtroom 3, 17th Floor

17

18

19  I, Robert Eckert, declare:

20      1. I am the Freedom of Information Act (FOIA) Officer for the United States Department of

21  Health and Human Services (HHS). As such, I am familiar with the FOIA request made by

22  Hersh & Hersh which is the subject of the above-captioned case, and I am familiar with the

23  correspondence that has been exchanged between HHS and Hersh & Hersh about the subject

24  FOIA request.

25      2. Attached hereto as Exhibit 1 is a true and correct copy of a September 19, 2005 letter from

26  Hersh & Hersh to HHS.

27      3. Attached hereto as Exhibit 2 is a true and correct copy of a November 1, 2005 letter from

28  Hersh & Hersh to HHS.

DECLARATION OF ROBERT ECKERT
C 06-4234 PJH                        -1-

4. Attached hereto as Exhibit 3 is a true and correct copy of a March 31, 2006 letter from HHS to Hersh & Hersh.

5. Attached hereto as Exhibit 4 is a true and correct copy of a February 27, 2007 letter from HHS to Hersh & Hersh.

6. Attached hereto as Exhibit 5 is a true and correct copy of the Invoice of Fees for FOIA Services that HHS provided to Hersh & Hersh as an enclosure to its February 27, 2007 letter at Exhibit 4.

7. Attached hereto as Exhibit 6 is a true and correct copy of a March 23, 2007 letter from Hersh & Hersh to HHS.

Executed on June 15th, 2007 at Washington, D.C. I have reviewed the foregoing and declare under penalty of perjury that it is true to the best of my knowledge and belief.

By: _Robert Eckert_
ROBERT ECKERT

DECLARATION OF ROBERT ECKERT
C 06-4234 PJH　　　　　　　-2-

# EXHIBIT 1

RECEIVED

2005 SEP 21 AM 11: 41

HHS-OASPA-FOI



# HERSH AND HERSH

**OIG**

September 19, 2005

LeRoy Hersh (1920-2003)
Nancy Hersh
Amy Eskin
Mark E. Burton, II
Berne Rauben
Charles C. Kelly, II
Bethany Caracuzzo
Rachel Abrams
Seth I. Rosenberg

**VIA FACSIMILE**

Administrative and Civil Remedies Branch
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Department of Health and Human Services
Cohen Building, Room 5527
330 Independence Avenue, S.W.
Washington, D.C. 20201

Fax: 202.205.0604

## RE: FREEDOM OF INFORMATION REQUEST

Dear Madam or Sir:

By this letter I submit a Freedom of Information Act request for information, pursuant to 5 U.S.C. § 552 for the following information:

1.     **Any and all Implementation Reports** submitted by Endovascular Technologies, Inc. ("EVT"), a wholly owned subsidiary of Guidant Corporation ("Guidant"), and/or Guidant pursuant to the Corporate Integrity Agreement ("CIA") between the Office of Inspector General of the Department of Health and Human Services ("OIG") and EVT entered on June 30, 2003 as part of the plea and settlement agreement in the Ancure Endograft System case; **and**

2.     **Any and all Annual Reports** submitted by EVT and/or Guidant to the OIG pursuant to the CIA; **and**

3.     **Any and all Data Monitoring Committee ("DMC") Review Reports** submitted to the OIG pursuant to the CIA; and

Hersh & Hersh    A Professional Corporation    601 Van Ness Avenue    Suite 2080    San Francisco, CA 94102-6306
Telephone (415) 441-5544    Facsimile (415) 441-7586    www.hershlaw.com



FOIA Request
September 19, 2005
Page 2

    **4.**      <u>Any and all Independent Review Organization ("IRO") Reports</u> submitted to the OIG pursuant to the CIA, including <u>any and all Medical Device Reporting ("MDR") Review Reports</u>.

    I would appreciate a response as soon as practicable within the ten business day response time mandated by 5 U.S.C. 552 (a)(6)(A)(i). I understand that, in exceptional circumstances, the response time may be extended an additional 10 business days if advance notice is provided. However, an extraordinary backlog of Freedom of Information Act requests does not constitute 'exceptional circumstances' warranting further delay under 5 U.S.C. § 552 (a)(6)(C). See <u>Ray v. U.S. Dept. of Justice</u>, 770 F.Supp. 1544 (S.D. Fla. 1990.) If it proves impossible to respond completely within the statutory time period, I would request that you forward whatever copies are available at that time and that additional information responsive to the request be forwarded as they are compiled.

    If any requested document or portion of document is withheld on the basis of privilege or statutory exemption, please identify each document or portion of a document and the basis for the exemption asserted. I note that, in a memoranda to all departments and agency heads dated October 4, 1993, President Clinton and Attorney General Janet Reno affirmed the Administration's position that departments and agencies should act on the principle of open disclosure of information and should use exemptions under the Freedom of Information Act to prevent disclosure only sparingly when specific cognizable harm can be identified.

    Please do not hesitate to call me at 800-441-5545 if I can be of any assistance to you in responding to this request. We will of course promptly pay any required costs for the retrieval of this information. Thank you for your time.

                                Sincerely,

                                Mark E. Burton

MB/cb

# EXHIBIT 2

01-11-2006 01:54pm From-HERSH & HERSH +14154417686 T-800 P.001/002 F-809



# HERSHANDHERSH

LeRoy Hersh (1920-2003)
Nancy Hersh
Amy Eskin
Mark E, Burton, II
Berne Reuben
Charles C. Kelly, II
Bethany Caracuzzo
Rachel Abrams
Seth I. Rosenberg

November 1, 2005

**VIA FACSIMILE**

Administrative and Civil Remedies Branch
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Department of Health and Human Services
Cohen Building, Room 5527
330 Independence Avenue, S.W.
Washington, D.C. 20201

Fax: 202.205.0604

**RE: FREEDOM OF INFORMATION REQUEST**

Dear Madam or Sir:

On September 19 ,2005, I submitted a Freedom of Information Act request for information, pursuant to 5 U.S.C. § 552 for the following information:

1.      **Any and all Implementation Reports** submitted by Endovascular Technologies, Inc. ("EVT"), a wholly owned subsidiary of Guidant Corporation ("Guidant"), and/or Guidant pursuant to the Corporate Integrity Agreement ("CIA") between the Office of Inspector General of the Department of Health and Human Services ("OIG") and EVT entered on June 30, 2003 as part of the plea and settlement agreement in the Ancure Endograft System case; **and**

2.      **Any and all Annual Reports** submitted by EVT and/or Guidant to the OIG pursuant to the CIA; **and**

3.      **Any and all Data Monitoring Committee ("DMC") Review Reports** submitted to the OIG pursuant to the CIA; and

Hersh & Hersh    A Professional Corporation    601 Van Ness Avenue    Suite 2080    San Francisco, CA 94102-6396
Telephone (415) 441-5544    Facsimile (415) 441-7586    www.hershlaw.com



FOIA Request
November 1, 2005
Page 2

4. **Any and all Independent Review Organization ("IRO") Reports** submitted to the OIG pursuant to the CIA, including **any and all Medical Device Reporting ("MDR") Review Reports**.

To date I have received no response. The 10-business-day response time mandated by 5 U.S.C.552 (a)(6)(A)(i) has expired, and no advance notice has been provided for an extension of time.

Please provide us, by the end of this week, with a date by which these records will be produced. If our request continues to be ignored, we will have no other option but to seek a judicial remedy.

Do not hesitate to call me at 800-441-5545 if I can be of any assistance to you in responding to this request. We will of course promptly pay any required costs for the retrieval of this information. Thank you for your time.

Sincerely,

Mark E. Burton

MB/cb

# EXHIBIT 3

Rdg

Case No. 2005-1137FW

March 31, 2006

Mark E. Burton, II
Hersh and Hersh
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, California 94102-6396

Dear Mr. Burton:

This is an interim response to your September 19, 2005, Freedom of Information Act (FOIA) request to the Office of Counsel, Office of the Inspector General (OIG), Department of Health and Human Services, seeking any and all Implementation Reports, Annual Reports, Data Monitoring Committee Review Reports and Independent Review Organization Reports for Guidant Corporation. Your request has been referred to my office because of my responsibility as the Departmental Freedom of Information Officer.

OIG staff provided this office with one thousand and four (1,004) pages of records responsive to your request. I have determined to withhold one hundred and forty-five (145) pages in their entirety under exemption (b)(4) of the FOIA. I am releasing eight hundred and fifty-nine (859) pages with portions withheld under exemptions (b)(4) and (b)(6) of the FOIA. The withholdings include policies and procedural guidelines, procedural codes, a Compliance Officer's name, names, addresses, telephone numbers of employees' references, and complaint handling documents.

Exemption (b)(4) permits the withholding of commercial or financial information that was obtained from a person or organization outside the government and that is privileged or confidential. Withholding of such information is permitted if disclosure is likely to cause substantial competitive harm to the person or organization who submitted the information. Exemption (b)(6) permits the withholding of information that if released would constitute a clearly unwarranted invasion of personal privacy.

Additional records are forthcoming from OIG. In my final response, I will forward an invoice of fees for FOIA services for processing your request. You should note that fees accrued for processing this portion of your request is $313.90.

If you have reason to believe that any denied information should not be exempt from disclosure, you may appeal. Your appeal should be mailed within thirty (30) days of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human

Page 2 - Mark E. Burton, II - Case No. 2005-1137

Servicesd, Room 645F, Hubert H. Humphrey Building, 200 Independence Avenue, S.W., Washington, D.C. 20201. Clearly mark both the envelope and your letter of appeal "Freedom of Information Act Appeal".

Sincerely,

/S/

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

# EXHIBIT 4

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Washington, D.C.  20201

Case No. 2005-1137FW

February 27, 2007

Mr. Mark E. Burton
Hersh and Hersh, P.C.
601 Van Ness Avenue, Suite 2080
San Francisco, California 94102-6393

Dear Mr. Burton:

This is in final response to your September 19, 2005, Freedom of Information Act (FOIA) request for work papers, Implementation Reports, Annual Reports by EVT, Data Monitoring Committee Review Reports, Independent Review Organization Reports and Medical Device Reporting Review Reports submitted to OIG pursuant to the Guidant Corporate Integrity Agreement (CIA).

The OIG provided this office with four thousand five hundred and fifty-four (4,554) pages of records responsive to your request.  Four hundred and thirty-nine (439) pages of responsive records are enclosed, with portions withheld under FOIA exemptions (b)(4) and (b)(6).  I have determined to withhold three thousand nine hundred and sixty-three (3,963) other pages, in their entirety, under FOIA exemption (b)(4).  The material withheld includes policies and procedural guidelines, training and procedural codes; audit dates; employees' names, email messages, home and work addresses and telephone numbers; and home telephone numbers of an employee's references.

The FOIA exemption (b)(4) permits the withholding of commercial or financial information that was obtained from a person or organization outside the government and that is privileged or confidential.  The withholding of such information is permitted if disclosure is likely to cause substantial competitive harm to the person or organization which submitted the information.  The FOIA exemption (b)(6) permits the withholding of information that if released would constitute a clearly unwarranted invasion of personal privacy.

Please note that the Department of Justice (DOJ) has jurisdiction over settlement agreements.  I have, therefore, forwarded your request to Mr. Gary Stewart, Acting Director, U.S. Attorney's Office, Department of Justice, 600 E Street, N.W., Suite 7300, Washington, D.C. 20530 to perform a search and to respond to you directly.  For status on your request, you may call (202) 616-6757.

Enclosed is an Invoice of Fees for FOIA Services in the amount of $3243.90  Please note the remittance instructions and penalty information at the bottom of your invoice.

Page 2 – Mr. Mark E. Burton. – Case No. 2005-1137FW

If you have reason to believe that the denied documents should not be exempt from disclosure, you may appeal. Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 5416, Switzer Building, 330 C Street, S.W., Washington, D.C. 20201. Clearly mark both the envelope and your letter of appeal "Freedom of Information Act Appeal".

Sincerely,

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

# EXHIBIT 5

*File Copy*

# OFFICE OF THE ASSISTANT SECRETARY FOR PUBLIC AFFAIRS
## FREEDOM OF INFORMATION ACT - INVOICE

CASE No. 2005-1137FW          DATE 02/27/2007

REQUESTER (First, Middle, Last)   Mr. Mark E. Burton

AFFILIATION   Hersh and Hersh, P.C.

STREET ADDRESS   601 Van Ness Avenue, Suite 2080

CITY   San Francisco  STATE  California  ZIP/POSTAL CODE   94102-6393

|  | Hours | Rate | Total |
|---|---|---|---|
| REV, ED, SANIT | 40 | 40 | 1600.00 |
| SEARCHING (Manual / Computer) | 40 | 40 | 1600.00 |

|  | No. | Rate | Total |
|---|---|---|---|
| PAGES | 439 | $.10 | 43.90 |
| SPECIAL HANDLING (e.g Certification) |  |  |  |
| OTHER (e.g Electronic) |  |  |  |
| TOTAL FEES |  |  | $3243.90 |

Make CHECK or MONEY ORDER payable to: DEPARTMENT OF HEALTH AND HUMAN SERVICES , and remit with a copy of this invoice to:

> Chief, Debt Servicing Section
> Debt Management Branch
> DHHS / PSC 2-B-40 PXIn Bldg
> 5600 Fishers Lane
> Rockville, MD 20875

Please include the CASE NUMBER on your CHECK, MONEY ORDER or CREDIT CARD

Enclosed is payment of  $ _____ by Check ☐  Money Order ☐

Discover Account # _____

VISA Account _____ MASTER CARD Account # _____

Expiration Date _____ Name (PRINT) _____

Address _____

Telephone Number _____

I hereby authorize the DHHS to charge my FOIA bill to the above account by referring this information to the appropriate financial institution(s)

Authorize Signature _____ Date _____

*If payment is not made within 30 days of the date of this invoice, interest and administrative costs will be assessed and future requests for information will not be honored until payment is made. Your name and account information will be turned over to a private collection agency and credit bureau if your account becomes 60 days overdue and associated co will be added to the account. Additional penalties of six percent will be assessed on accounts delinquent for more than 90 days and such accounts may be referred to the IRS or the Justice Deparment for judicial action. (The Debt Collection Act of 1982.)*

## PRIVACY ACT STATEMENT

*Section 552 of Title 5 to the U.S. Code authorizes the collection of this information. The primary use of this information is to allow requesters to pay Freedom of Information Act fees with a credit card. We disclose the credit card number to financial institutions to obtain authorization and payment. Additional disclosures of the information may be : To a Federal, State or local law enforcement agency in cases of possible violations of civil or criminal law. Furnishing the information on this form is voluntary, but failure to do so will result in our inability to process your credit card payment.*

HHS FORM 632B (REV. 12/2000)                                    GPO 935-216

# EXHIBIT 6

FOIA No.: 2007A 0043

# RECEIVED

HERSHANDHERSH 28 PM 3: 27

March 23, 2007

HHS-OASPA-FOI

LeRoy Hersh (1920-2003)
Nancy Hersh
Amy Eskin
Mark E. Burton, Jr.
Berno Reuben - Of Counsel
Charles C. Kelly, II
Bethany Caracuzzo
Rachel Abrams
Seth I. Rosenberg
Nicola Drake – admitted in
  Texas and Alabama
Jeanette Haggas

Deputy Assistant Secretary
Public Affairs (Media)
U.S. Department of Health and Human Services
Room 5416, Switzer Building
330 C Street, S.W.
Washington, D.C. 20201

Deputy Assistant Secretary
Public Affairs (Media)
U.S. Department of Health and Human Services
Room 645F, Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, D.C. 20201

> Re:   **Freedom of Information Act Appeal**
> Case No. 2005-1137FW: *Hersh & Hersh v. Dep't of Health and Human Services*

Dear Deputy Assistant Secretary:

This letter is in response to the production we received under our September 19, 2005 Freedom of Information Act request for work papers, implementation reports, annual reports by EVT, data monitoring committee review reports, independent review organization reports and medical device reporting review reports submitted to OIG pursuant to the Guidant Corporate Integrity Agreement (CIA).

We received a "final response" on February 27, 2007 to our September 19, 2005 request, which comprised 1,298 pages, although the OIG provided HHS with over 5,000 pages of responsive records. Much of the second, final production included the same documents that were produced in the interim response on March 31, 2006. In addition, the interim production was not organized in any recognizable fashion and neither response was accompanied by a *Vaughn* index, as required by the FOIA.

HHS also withheld portions of pages or entire pages of responsive records—amounting to more than 4,000 pages—under exemptions (b)(4) and (b)(6) of the FOIA. We do not believe that the denied documents are exempt from disclosure and hereby appeal HHS's determination to withhold those documents. This appeal is made within the 30-day statutory requirement.

The responsive records cannot be exempt under (b)(4) of the FOIA. We requested "work papers, implementation reports, annual reports by EVT, data monitoring committee review reports, independent review organization reports and medical device reporting review reports,"



# HERSHANDHERSH

March 23, 2007
Page 2

which are not "trade secrets and commercial or financial information obtained from a person and privileged and confidential."

Generalized allegations as to the privileged nature of the documents sought are insufficient to justify nondisclosure. *GC Micro Corp. v. Defense Logistics Agency*, 33 F.3d 1109 (9th Cir. 1994); *Lion Raisins v. U.S. Dept. of Agriculture*, 354 F.3d 1072 (9th Cir. 2004). Rather, HHS must describe evidence revealing actual competition and likelihood of substantial competitive injury to qualify documents under Exemption 4. *Id.*

We did not request personnel or medical files; therefore, any withholding of responsive records under Exemption 6 is not well founded and should be withdrawn.

Further, *these responsive records were provided to HHS pursuant to a felony plea bargain agreement* whereby EVT and Guidant agreed to a reciprocal monitoring program in which they both assumed responsibility for each other's compliance with the FDA and Federal health care program requirements. Apparently the OIG and HHS allowed felons to designate the privileges claimed on these responsive records. Allowing convicted felons to control or otherwise influence the government's withholding of responsive documents is inconsistent with the purpose and spirit of the Freedom of Information Act.

In addition, the "final response" included an invoice demand for thousands of dollars without explanation or warning. The invoice for the final response was $3,243.90 for production of 439 pages, whereas the invoice for the interim production of 859 pages in March of 2006 amounted to only $313.90. HHS never informed us that we would be charged such a large amount for labor associated with copying the responsive records and never itemized the charges.

We have filed a civil complaint in the United States District Court for the Northern District of California because production took well over a year and we believe that the court is now the appropriate venue to resolve these issues. Please inform us of whether you agree so that we can avoid any duplication of effort.

Very truly yours,

Jeanette Haggas

Hersh & Hersh    A Professional Corporation    601 Van Ness Avenue    Suite 2080    San Francisco, CA 94102-6396
Telephone (415) 441-5544    Facsimile (415) 441-7586    www.hershlaw.com