UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERSH & HERSH,

       Plaintiff,

   v.

US DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

       Defendants.
_____/

No. C 06-4234 PJH

**ORDER DENYING MOTION TO DISMISS IN PART AND GRANTING IT IN PART; GRANTING RELIEF FROM PREMATURE DISCOVERY; AND REMANDING CASE**

Three motions came on for hearing before this court on July 25, 2007: (1) the Department of Health and Human Service's ("HHS") Motion to Dismiss; (2) HHS's Motion for Relief from Premature Discovery; and (3) intervenor Guidant Corporation's ("Guidant") Motion to Remand to HHS. Plaintiff appeared through its counsel, Mark Burton. Guidant appeared through its counsel James K. Vines, Simeon M. Schopf, and Darolyn Y. Hameda. HHS appeared through its counsel Sara Winslow. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and for good cause appearing, the court hereby orders as follows for the reasons stated at the hearing.

    1.    <u>HHS's Motion to Dismiss</u>

The court hereby DENIES HHS's Motion to Dismiss in part and GRANTS it in part. The motion is granted insofar as the court agrees with HHS that plaintiff must pay the costs of providing the records that it seeks. The motion is denied insofar as the complaint will not be dismissed as long as plaintiff immediately pays the assessed fees. Plaintiff has agreed

to pay the fees to HHS for processing its Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 request, and plaintiff shall do so immediately. Plaintiff may dispute any overpayment after the court rules on the merits of this case.

HHS's FOIA office and the Office of Inspector General ("OIG") are components of HHS, not independent regulatory agencies. HHS is the agency that produced certain documents to plaintiff and withheld others based on asserted FOIA exemptions. This withholding of documents is the only issue remaining in this case. All defendants other than HHS are therefore DISMISSED. If HHS should prevail in this case, HHS may only pursue costs on its own behalf, and not on behalf of the dismissed defendants.

2.      <u>HHS's Motion for Relief from Premature Discovery and Guidant's Motion to Remand</u>

HHS's Motion for Relief from Premature Discovery and Guidant's Motion to Remand are GRANTED. Plaintiff's appeal of HHS's final decision is hereby REMANDED to HHS for resolution. HHS shall adjudicate plaintiff's appeal within 30 days. HHS shall review its decision to withhold documents in both its interim and final decisions. Because of the unusual posture of this case with both the appeal and the current litigation proceeding simultaneously, this remand is not intended to relinquish this court's jurisdiction over this dispute, and in that sense it is a limited remand. By remanding the appeal, the court seeks only to have the benefit of the agency's decision-making prior to adjudication of the validity of the asserted exemptions.

Following HHS's resolution of the appeal, the parties shall meet and confer regarding all of the outstanding issues in the case. The parties shall then stipulate to a briefing schedule for the cross motions for summary judgment. HHS shall provide a <u>Vaughn</u> index along with its motion for summary judgment. The briefing schedule shall allow plaintiff sufficient time to respond to defendant's motion for summary judgment. Following receipt of defendants' papers, plaintiff may file a narrowly tailored request for discovery, if it determines that such discovery is necessary in order to oppose defendants' motion. The court will not, however, permit "discovery" of the very documents that are

sought in the FOIA request. Those documents will be ordered produced only after the court has determined whether the claimed exemption(s) is valid. HHS and Guidant shall file a joint motion unless leave of court is sought and obtained for filing separate motions. The court will hold a hearing on the parties' summary judgment motions, but any discovery motions submitted to the court will be decided on the papers.

      3.    Other Pending Motions

On July 18, 2007, plaintiff filed a Motion for an Order Requiring a Complete Response to Plaintiff's Freedom of Information Request and a Vaughn Index, noticed for hearing on August 22, 2007. As this court has ruled, plaintiff is not yet entitled to either discovery or a decision on the merits. Thus, as the Vaughn index will be produced and the documents are not obtainable through discovery, but only upon the court's ruling favorably on the FOIA request, that motion is DENIED as premature and unnecessary. Plaintiff also filed a motion to compel noticed for hearing on August 29, 2007 before Magistrate Judge Edward M. Chen. That motion which similarly seeks documents to which plaintiff is not yet entitled to obtain is DENIED. Both the August 22, 2007 and August 29, 2007 hearing dates are VACATED. No party shall file any motion other than a motion for summary judgment or the limited discovery motion described above without leave of court.

IT IS SO ORDERED.

Dated: July 26, 2007

PHYLLIS J. HAMILTON
United States District Judge