Frank C. Rothrock, State Bar No. 54452
Darolyn Y. Hamada, State Bar No. 192334
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
Email: frothrock@shb.com
Email: dhamada@shb.com

James K. Vines (admitted *pro hac vice*)
Simeon M. Schopf (admitted *pro hac vice*)
KING & SPALDING
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006-4706
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: jvines@kslaw.com
Email: sschopf@kslaw.com

Attorneys for Intervenor-Defendant
Guidant Corporation

Scott N. Schools (SCBN 9990)
United States Attorney
Joann M. Swanson (CSBN 88143)
Chief, Civil Division
Sara Winslow (DCBN 457643)
Assistant United States Attorney
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102
Telephone: (415) 436-6925
Facsimile: (415) 436-6748
Email: sara.winslow@usdoj.gov

Attorneys for Defendant HHS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERSH & HERSH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendant,<br><br>and<br><br>GUIDANT CORPORATION,<br><br>Intervenor. | CASE NO.: C 06-4234 PJH<br><br>**DEFENDANT DEPARTMENT OF HEALTH AND HUMAN SERVICES' AND GUIDANT CORPORATION'S CONSOLIDATED REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' DECLARATIONS**<br><br>Date: December 19, 2007<br>Time: 9:00 AM<br>Judge: Hon. Phyllis J. Hamilton<br><br>Courtroom #3, 17th Floor |

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

I. DEFENDANTS HHS AND GUIDANT HAVE SATISFIED THEIR BURDEN OF SUPPORTING APPLICATION OF THE CLAIMED EXEMPTIONS BY FULLY MEETING THE TWO ELEMENTS CALLED FOR IN FOIA CASES.....................3

II. PLAINTIFF OFFERS NO DIRECT REBUTTAL TO THE VAUGHN INDEX AND THE TWO DECLARATIONS THAT JUSTIFY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT..................................................................................4

   A. The Chin-Purcell Declaration........................................................................4

   B. The Eckert Declaration..................................................................................5

III. PLAINTIFF'S ALLEGATIONS OF BAD FAITH ARE IRRESPONSIBLE AND BASELESS...................................................................................................6

   A. HHS' Lawful Consultation With Guidant ......................................................6

   B. Hersh & Hersh Is Grasping At Straws............................................................7

IV. GUIDANT AND HHS HAVE NOT "WAIVED" ANY FOIA EXEMPTIONS..............8

V. HHS PROPERLY WITHHELD AND REDACTED DOCUMENTS PURSUANT TO FOIA EXEMPTIONS B(4) AND B(6)..............................................................11

   A. More Hersh & Hersh Allegations of Bad Faith Without Factual or Legal Support..11

   B. HHS Properly Withheld and Redacted Documents Containing Guidant's Sensitive Commercial Information Pursuant to Exemption b(4).............................12

     1. Guidant's Internally-Developed Procedures for Complying With Applicable FDA Regulations Are Trade Secrets..................................12

     2. HHS and Guidant Provided Specific Details As To Documents Containing Guidant's Confidential Commercial Information ................13

CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d. Cir. 1994).............................................. 5

*Church of Scientology v. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1979) ........................................ 3

*Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) ........................................... 1

*Federal Labor Relations Auth. v U.S. Dep't of Treasury*, 884 F.2d 1446, 1451 (D.C. Cir. 1989).... 11

*GC Micro Corp. v. Defense Logistics Agency*, 33 F.3d 1109, 1112 (9th Cir. 1994); ......................... 13

*Guccione v. Nat'l Indian Gaming Comm'n*, No. 98-CV-164, 1999 U.S. Dist. LEXIS 15475, (S.D. Cal. Aug. 5, 1999)..................................................................................................................... 3

*Heeney v. Garvey*, 200 F. Supp. 2d 1321, 1326 (D. Wyo. 2000) ...................................................... 13

*Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 124 (D.D.C. 2006) ....................................... 4

*Ligorner v. Reno*, 2 F. Supp. 2d 400, 405 (S.D.N.Y. 1998) ............................................................... 3

*Lion Raisins, Inc. v. USDA*, 354, F.3d 1072, 1079 (9th Cir. 2004) ................................................... 3

*National Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 768 (D.C. Cir. 1974) ................... 14

*Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)....................................... 3

*Painting Indus. Of Haw. Mkt. Recovery Fund v. U.S. Dept. of Air Force*, 26 F.3d 1479, 1484 (9th Cir. 1994) ................................................................................................................................ 11

*Public Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983) .................. 13

*SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)............................................. 5

*Sakamoto v. U.S. Office of Personnel Findings and Management*, No. CIV S-06-1215 U.S. Dist. LEXIS 42856 *21 (E.D. CA June 13, 2007) .......................................................................... 5

*Sakamoto v. U.S. Office of Personnel Management*, 2:06cv1215 U.S. Dist LEXIS 48990 (E.D. CA July 5, 2007)............................................................................................................................. 5

*State Comp. Ins. Fund v. WPS, Inc,.* 70 Cal. App. 4th 644, 656-57 (1999) ....................................... 11

*Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d 101, 114 (D.D.C. 2003) ......................................... 3

*U.S. Dep't of Justice v. Reporters Committee*, 489 U.S. 749, 772-73 (1989) .................................. 11

**Statutes**

45 C.F.R. § 5.65(a) .................................................................................................................. 13

45 C.F.R. § 5.65(d) .................................................................................................................. 7

5 U.S.C. § 554 (b)(4) .............................................................................................................. 12

# INTRODUCTION

As a rule in FOIA cases, Federal district courts give great deference to the Government's declarations that detail its search for responsive records. The same deference is paid to the Government's explanations that support its application of the claimed FOIA exemptions. While the Court may decide to review all of the subject documents *in camera*, the law disfavors this practice, which is generally reserved for instances where the government's declarations are vague, or where the court suspects bad faith. *See Elec. Privacy Info. Ctr. v. DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) (noting that courts "disfavor in camera inspection and it is…appropriate in only the exceptional case"). Thus, in FOIA cases, summary judgment turns on the adequacy of the government's declarations.

Here, HHS submitted a detailed declaration from its FOIA officer, Robert Eckert, describing its efforts to locate and review records in response to Hersh & Hersh's FOIA request. Mr. Eckert included a 59-page Vaughn Index that identifies each document withheld or redacted by HHS as well as the specific FOIA exemption claimed. The Vaughn Index also explains why each withheld or redacted document falls within the specified exemption. In addition, because the documents originated with Guidant, Defendants have provided a declaration from Guidant's Director, Global Compliance, Michele Chin-Purcell, Ph.D., concerning the competitive and highly regulated nature of the medical device industry, and the commercially sensitive, confidential nature of the withheld documents.

Hersh & Hersh does not challenge the sufficiency of the Vaughn Index, nor do they present any facts to rebut or even cast doubt on the declarations submitted by HHS and Guidant. Instead, Plaintiff baselessly alleges bad faith on the part of both defendants. Most egregiously, Plaintiff alleges that:

- **Only *agency* affidavits may justify non-disclosure of documents in a FOIA case; thus, the Court should not consider Michele Chin-Purcell's declaration in ruling on the present motion. (Pl.'s Opp'n to Summ. J. at 3.)** However, the use of third party declarations is entirely appropriate in circumstances such as these, where the basis for the exemptions is the confidentiality interests of a

1

private party. Indeed, the Court accepted Guidant's intervention in this case to protect its confidential documents.

- **HHS and Guidant engaged in unseemly collaboration in responding to Plaintiff's FOIA request. (*Id.* at 5).** In fact, federal regulations *require* the agency to notify a party when its documents are subject to a FOIA request, and the agency suspects the documents contain information that may be exempt from disclosure. The agency is compelled to consider arguments from the party that its documents should not be disclosed under FOIA.

- **Guidant and HHS have waived any applicable FOIA exemptions because neither defendant attempted to seal confidential Guidant documents inadvertently disclosed to Plaintiff, which Plaintiff made public by attaching to various court submissions (*Id.* at 6, 9.)** This assertion is patently wrong. Upon learning of the inadvertent production of Guidant's confidential documents, both Guidant and HHS asked Hersh & Hersh to stipulate to sealing the referenced attachments. Hersh & Hersh would not agree. To date, Guidant and HHS have written to Hersh & Hersh *six times*, seeking the return of the inadvertent production. Plaintiff has refused to cooperate.

- **Guidant expressly waived any applicable privilege (including all FOIA exemptions) as a result of EVT's plea agreement with the Government.** By its own terms, the plea agreement's waiver of privileges was limited to documents relating to the Ancure device between 1999 and 2001. The Government agreed too maintain the confidentiality of such documents as to third parties. When Guidant submitted documents to HHS, as it was required to do under the CIA, it expressly specified that they are confidential and subject to FOIA exemption.

Plaintiff's arguments in response to the defendants' joint motion evidence a fundamental misunderstanding of FOIA and its requirements. Defendants have more than met their burden to protect the designated documents from disclosure. The Court should grant the motion for summary

2

judgment, and order Hersh & Hersh to return the first production of documents, which the agency provided on March 31, 2006 and February 27, 2007, respectively, and which mistakenly contained documents exempt from disclosure under FOIA. Defendants also ask for the Court's assistance by ordering expunged from the Court's records the inadvertently produced documents which Plaintiff has attached as exhibits to their prior filings.

## DISCUSSION

### I. DEFENDANTS HHS AND GUIDANT HAVE SATISFIED THEIR BURDEN OF SUPPORTING APPLICATION OF THE CLAIMED EXEMPTIONS BY FULLY MEETING THE TWO ELEMENTS CALLED FOR IN FOIA CASES.

To prevail on summary judgment in a FOIA case, the Government must: (1) provide an affidavit detailing its reasonable search for responsive records, *see Oglesby v. United States Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); and (2) provide a Vaughn Index that identifies the document or information withheld, the FOIA exemption claimed, and an explanation as to why the exemption applies to the information or documents. *See Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1079 (9th Cir. 2004). When the government does these two things, "then the district court need look no further in determining whether an exemption applies." *See Church of Scientology v. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1979).

*In camera* review by the Court of the documents or information is "a last resort, to be used only when the propriety of the withholding cannot otherwise be determined." *Guccione v. Nat'l Indian Gaming Comm'n*, No. 98-CV-164, 1999 U.S. Dist. LEXIS 15475 at *7 (S.D. Cal. Aug. 5, 1999); *see Ligorner v. Reno*, 2 F. Supp. 2d 400, 405 (S.D.N.Y. 1998) (stating that in camera review is warranted when agency affidavits are not sufficiently specific, or when there is evidence of agency bad faith); *see also Taylor v. U.S. Dep't of Justice*, 257 F. Supp. 2d 101, 114 (D.D.C. 2003) (in camera review determined to be unnecessary because affidavit and Vaughn Index provided by defendant were adequate).

Here, HHS provided: (1) a declaration from its FOIA officer, Robert Eckert, explaining the agency's search for responsive documents; and (2) a 59-page Vaughn Index identifying the

3

documents or information withheld, the operative FOIA exemption, and an explanation as to why the exemption applies. Defendants also submitted a declaration from Guidant's Director, Global Compliance, Michele Chin-Purcell, Ph.D., providing additional details concerning Guidant's business, including how the public disclosure of the exempted documents and information would cause competitive harm to Guidant.

## II. PLAINTIFF OFFERS NO DIRECT REBUTTAL TO THE VAUGHN INDEX AND THE TWO DECLARATIONS THAT JUSTIFY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

Hersh & Hersh makes no arguments of law or fact that undermine Defendants clear satisfaction of the two fundamental elements supporting application of the exemptions to the designated documents and information. Instead, Hersh & Hersh seeks to discount Defendants' declarations for superficial and meaningless reasons. As discussed below, both declarations are legally sound.

### A. The Chin-Purcell Declaration

Plaintiff first seeks to exclude Guidant's Chin-Purcell declaration because "[s]ummary judgment may be granted solely on the basis of *agency affidavits*. . . ." (Pl.'s Opp'n to Summ. J. at 3 (emphasis in original).) Plaintiff cites a series of cases describing the agency's burden in a FOIA case, and italicizes "agency" in each instance, on the logic that the Court should disregard the Chin-Purcell declaration because Dr. Chin-Purcell is a Guidant employee, not an HHS official. But the notion that Guidant, a recognized party to this litigation, should not be allowed to supply testimony on the only issue in the case – the applicability of FOIA exemptions to its documents – is facially absurd. It would defeat the well-established purpose of permitting intervention by private parties in FOIA cases, and finds no support in FOIA case law. *See, e.g., Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 124 (D.D.C. 2006) (recognizing the right of defendant intervenor corporation "to raise exemptions" and to "protect interests it perceives as threatened" in a FOIA proceeding). Indeed, it is generally impossible for the Government to testify as to the confidentiality interests of a private party. The Court may properly consider the Chin-Purcell declaration in its consideration of this matter.

### B. The Eckert Declaration

Next, Plaintiff argues that the declaration of Robert Eckert, the FOIA Officer at HHS, does not warrant consideration because it "is silent as to the adequacy of HHS' withholdings," contains "unfounded, conclusory statements" and because "Mr. Eckert does not have personal knowledge of the initial decision as to what to withhold." (Pl.'s Opp'n at 4.) Plaintiff again misconstrues FOIA and the case law on two critical grounds.

First, as is common in FOIA cases, Mr. Eckert's declaration includes the 59-page Vaughn Index describing the documents or information withheld by the agency, the applicable FOIA exemption, and an explanation as to why the exemption applies. (*See* Eckert Decl., Ex. 8 (Vaughn Index).); *see also Sakamoto v. U.S. Office of Pers. Findings and Mgmt.*, No. CIV S-06-1215 2007 U.S. Dist. LEXIS 42856 at *21 (E.D. CA June 13, 2007) (recognizing that "[t]he government must submit a detailed public affidavit that identifies the documents withheld" and that "such an affidavit is referred to as a 'Vaughn Index.'") (adopted in *Sakamoto v. U.S. Office of Pers. Mgmt.*, 2:06cv1215 2007 U.S. Dist LEXIS 48990 (E.D. CA July 5, 2007)). The contents of the Eckert declaration and the Vaughn Index are exactly what the law requires. The fact that the Eckert declaration itself does not repeat the information properly presented in the Vaughn Index is meaningless.

Equally baseless is Plaintiff's claim that Mr. Eckert lacks the requisite personal knowledge to provide a declaration in this case. Mr. Eckert is the HHS FOIA officer, and in that capacity supervises FOIA requests submitted to the Agency. FOIA officers routinely offer the Government's declarations in FOIA litigation because "[a]n affidavit from an agency employee responsible for supervising a FOIA search is all that is needed . . .; there is no need for the agency to supply affidavits from each individual who participated in the actual search." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d. Cir. 1994); *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (finding that the "person in charge of coordinating [the agency's] search and recovery efforts" pursuant to a FOIA request is "the most appropriate person to provide a comprehensive affidavit").

In his declaration, Mr. Eckert explains his familiarity with Plaintiff's request for documents and the specific steps undertaken by HHS to locate responsive records. (*See* Eckert Decl. at ¶¶ 11-13.) He "personally reviewed all of the documents and portions of documents . . . being withheld from Hersh & Hersh." (Eckert Decl. at ¶ 1.) Plaintiff's challenge to the Eckert declaration is an unsupportable challenge to HHS's management structure and lawful delegation practices. Plaintiff does not directly challenge the adequacy of HHS's efforts. Thus, Mr. Eckert's declaration meets HHS's burden.

### III. PLAINTIFF'S ALLEGATIONS OF BAD FAITH ARE IRRESPONSIBLE AND BASELESS

Plaintiff continues it avoidance of directly challenging the Vaughn Index and declarations by arguing that the submitted by HHS and Guidant were "made in bad faith."

#### A. HHS's Lawful Consultation With Guidant

Hersh & Hersh claims that Guidant "improperly controlled HHS' decisions as to what to withhold from Plaintiff's FOIA request." (Pl.'s Opp'n to Summ. J. at 5.) Hersh & Hersh challenges the admitted consultation between Guidant and HHS in responding to Plaintiff's FOIA request. But as Mr. Eckert explained in his declaration, HHS *was required by law* to consult with Guidant concerning the latter's documents which may be subject to FOIA exemption. (*See* Eckert Decl. at ¶15.) Specifically, Executive Order 12,600, Section 1, requires all federal agencies subject to FOIA to:

> establish procedures to notify submitters of records containing confidential commercial information…when those records are requested under the Freedom of Information Act…if, after reviewing the request, the responsive records and any appeal by the requester, the department or agency determines that it may be required to disclose the records.

*See also*, supra, pg. 6 (explaining that HHS has no way of knowing about a private party's confidentiality interests in documents held by HHS without consulting the private party).

Section 4 of Executive Order 12,600 requires agencies to permit submitters of information a reasonable opportunity to object to the disclosure of information sought through a FOIA request.

6

Exec. Order No. 12,600, 52 Fed. Reg. 23,781 (June 25, 1987). Section 5 requires that "each agency . . . give careful consideration to all such specified grounds for nondisclosure, prior to making an administrative determination of the issue." (*Id.*) In compliance with the Executive Order, HHS promulgated 45 C.F.R. § 5.65(d), which sets out the Agency's policy of notifying and consulting submitters of information whose records are subject to a FOIA request and are colorably exempt from disclosure. Thus, Plaintiff's allegation that the consultation between HHS and Guidant in response to its FOIA request constitutes bad faith is simply wrong and uninformed.

### B. Hersh & Hersh Is Grasping At Straws

Hersh & Hersh also claims that HHS and Guidant acted in "bad faith" because: 1) Guidant no longer exists; 2) "chief competitors" of Guidant, which Plaintiff believes to include Pfizer, Inc., provide limited information about their compliance programs online; and 3) Guidant has "shared its compliance strategies with Johnson and Johnson." Plaintiff is similarly wrong on all three counts.

First, although Guidant was purchased by Boston Scientific in 2006, Guidant continues to exist as a corporate entity that does business internationally in the medical device industry. (*See generally* Chin-Purcell Decl.) Guidant has an ongoing commercial interest in the documents at issue in this litigation, which is why Guidant intervened in this case.

Second, Pfizer, Inc. manufactures pharmaceuticals; Guidant manufactures medical devices. Even if Guidant and Pfizer were competitors, the extent to which Pfizer may choose to publicize information about its compliance program is irrelevant to Guidant's legitimate commercial interest in its own program.

Third, in support of its vague contention that Guidant has "shared its compliance strategies with Johnson & Johnson," Plaintiff points to a joint-presentation by Guidant and Johnson & Johnson (*see* Haggas Decl., Ex. N, filed concurrently with Pl.'s Opp'n to Summ. J.), delivered as part of a "Pharma, Biotech and Device Colloquium Compliance Pre-Conference Workshop" in 2005. The presentation is entitled, "A Primer on Compliance Programs for Pharmaceutical and Medical Device Companies." A review of the presentation – twenty-two slides – shows that it provides only a broad description of compliance programs generally, and contains none of the commercially sensitive information described on the Vaughn Index. *Compare* Ex. N, p. 8 (listing "Education and Training"

among list of "Compliance Program Basics") *with* Eckert Decl., Ex. 8 (Vaughn Index) entry 13 (slides from actual Guidant internal training presentation regarding Guidant's compliance policies and procedures). Plaintiff offers no evidence to suggest that Guidant shared details from its compliance program with other companies.

Plaintiff also alleges that Defendants' confidentiality claims are in "bad faith" because "report summaries of reportable events can be found online at the FDA's MAUDE database." (Pl.'s Opp'n to Summ. J. at 9.) (Reportable event summaries are among the categories of documents which were designated exempt from FOIA disclosure pursuant to § b(4)). A review of the report summaries available on FDA's MAUDE database (accessible at http://www.fda.gov/cdrh/maude.html) reveals that they are entirely different from, and contain considerably less information than the reportable event summaries provided to HHS by EVT and Guidant pursuant to the CIA. In other words, the CIA required Guidant to provide details relating to its internal investigations into preliminary reports of adverse product events, and the specifics of any corrective action taken or contemplated. Unlike the very general information available through MAUDE, this information is highly sensitive to Guidant, and is not available through FDA's website or any other public means. (*See* Chin-Purcell Decl. at 33.)

### IV. GUIDANT AND HHS HAVE NOT "WAIVED" ANY FOIA EXEMPTIONS.

Hersh & Hersh argues that EVT entered into a plea agreement in which it agreed to waive any privilege it may have otherwise asserted "against the government," relative to certain specific documents. (*See* Pl.'s Opp'n at 6, 8.) Plaintiff argues that this "waiver" applies to documents requested by Hersh & Hersh pursuant to FOIA.

This argument is demonstrably false. The waiver in the plea agreement was expressly designed to ensure that the Government had access to all documents and witnesses necessary to conduct its investigation. By its very terms, the waiver applied specifically to claims against the Government, and was clearly limited to "documents that relate to, concern, or are associated in any way with the Ancure device between June 1, 1999 and March 23, 2001, as well as interview memoranda created between January 1, 2001 through May 7, 2001." (*See* Haggas Decl., Ex. A [Plea

8

Agreement] at ¶ 10(c).) The documents at issue here produced to HHS between 2003 and 2005 and subsequently requested by Hersh & Hersh under FOIA, concern Guidant's compliance with the CIA, which was not executed until June 30, 2003. Thus, the documents Plaintiff seeks through its FOIA request are beyond the scope of the plea agreement waiver.

Importantly, in this very plea agreement, the Government expressly agreed to preserve the confidentiality of any documents submitted by EVT or Guidant: "[t]he government will maintain the confidentiality of these materials and will not disclose them to any third party. . . ." (*Id.*) It is no surprise, therefore, that the CIA instructs Guidant to "clearly identify any portions of their submissions that they believe are trade secrets, or information that is commercial or financial and privileged or confidential, and therefore potentially exempt from disclosure under the Freedom of Information Act. . . ." (*See* Chin-Purcell Decl., Ex. 1 [CIA].)

Accordingly, when Guidant submitted its documents to HHS under the CIA, it did so expressly subject to FOIA exemption:

> Guidant considers information in this report and the attachments that are not otherwise public, to be confidential commercial information under applicable FOIA rules. Please contact Guidant prior to the release of any information submitted by Guidant or EVT pursuant to FOIA.

(*See* Chin-Purcell Decl., Ex. 2-4.)

Notably, it is HHS – the very agency to which EVT and Guidant provided documents after agreeing to a limited waiver of privilege – that now asserts that the documents it received pursuant to the CIA are subject to FOIA exemption. Thus, Plaintiff has no basis for its "waiver" argument.

Hersh & Hersh makes two additional, equally reaching, waiver arguments. First, Plaintiff claims that several letters attached to the Chin-Purcell declaration constitute evidence that HHS "produced unredacted versions of 'exempted' information, which waives any exemption as to similar information." The documents Plaintiff refers to were letters authored by Michele Chin-Purcell transmitting to HHS the reports required under the CIA. (*See* Chin-Purcell Decl., Ex. 2-4.) These letters were provided to Plaintiff in redacted form in HHS's production in response to the FOIA request. On each letter, Dr. Chin-Purcell's signature was redacted, consistent with Guidant's

policy of protecting the confidentiality (for identity–theft purposes) of the hand-written signatures of its employees. Once it became necessary to offer Dr. Chin-Purcell as a declarant in this case, there was no longer a compelling reason to protect her hand-written signature, given that it would appear on her declaration. Thus, Guidant and HHS in good faith determined to remove the redactions from Exhibits 2 - 4. This decision does not amount to a broad waiver of any FOIA exemption, and Hersh & Hersh offers no authority to suggest otherwise.

Second, Hersh & Hersh remarkably argues that HHS and Guidant have waived applicable FOIA exemptions because several confidential Guidant documents, inadvertently produced by HHS, were attached as exhibits to Plaintiff's prior briefing in this case. (*See* Pl.'s Mot. for Disc., Ex. G-M (Dockets 66 & 67).) Specifically, Plaintiff claims that "Guidant and HHS have waived exemptions . . . by allowing the documents to remain available to the public through the Court's PACER website. . . ." (Pl.'s Opp'n at 9.)

This argument is disingenuous. As detailed in the Joint Motion for Summary Judgment, Guidant and HHS first learned of the inadvertent production when Plaintiff filed its Motion for Discovery to which it attached confidential Guidant documents. Mindful of the Court's strong admonishment against additional motion practice, Guidant and HHS tried to resolve the matter extra-judicially, and asked Hersh & Hersh to stipulate to placing its Motion for Discovery and exhibits under seal.

Hersh & Hersh refused to cooperate. To date, Guidant and HHS have written to Hersh & Hersh *on six separate occasions*, seeking its cooperation in resolving the inadvertent production, to no avail. (*See* Joint Mot. for Summ. J. at 5-6; Hamada Decl., Ex. 1-3; Eckert Decl., Ex. 5 & 7; Winslow Decl., Ex. 1.)

Plaintiff should have known immediately upon reviewing HHS's first production that it contained confidential documents that were never intended for production. That production contained multiple versions of some of the same documents, with and without redactions, and with and without bates numbers. (*See* Joint Mot. for Summ. J. at 5; Pl.'s Mot. to Compel, filed July 20, 2007 (Docket No.86), Ex. G-M.) Plaintiff had an ethical obligation to immediately alert Defendants to the inadvertent production of these documents and to protect them from further disclosure. *See,*

*e.g.*, *State Comp. Ins. Fund v. WPS, Inc,.* 70 Cal. App. 4th 644, 656-57 (1999). Instead, Hersh & Hersh placed these documents in the public record by attaching them to multiple motions, and then refused to stipulate to sealing the record or return the inadvertently produced documents. Now Hersh & Hersh has the gall to claim that HHS and Guidant waived their right to assert the confidentiality of these documents because they did not "provide[] Plaintiff with a stipulation to seal the documents." (Pl's Opp'n to Summ. J. at 20.) Neither Guidant nor HHS has waived any FOIA exemption with respect to any of the documents at issue in this case.

### V.  HHS PROPERLY WITHHELD AND REDACTED DOCUMENTS PURSUANT TO FOIA EXEMPTIONS B(4) AND B(6).

#### A.  More Hersh & Hersh Allegations Of Bad Faith Without Factual Or Legal Support

In response to Plaintiff's FOIA request, HHS withheld or redacted more than 4,000 pages of records containing Guidant's confidential commercial information, pursuant to FOIA exemption b(4). (*See* Eckert Decl., Ex. 7.) The agency redacted personal identification or contact information pursuant to FOIA exemption b(6) from only 18 pages. (*See Id.*) Even so, Plaintiff argues that HHS's b(6) redactions indicate that "HHS and Guidant's Motion for Summary Judgment is brought in bad faith." (Pl.'s Opp'n to Summ. J. at 12.)

In construing exemption b(6), district courts weigh the harm to the individual whose personal information may be disclosed against the public interest served by disclosure. *See, e.g., Fed. Labor Relations Auth. v U.S. Dep't of Treasury*, 884 F.2d 1446, 1451-52 (D.C. Cir. 1989). Guidant has always sought to protect the personal contact information of its employees, (*See* Chin-Purcell Decl. at ¶ 41), and Federal courts have long recognized a privacy interest in personal contact information.

Moreover, the singular "public interest" recognized under FOIA is the public's right to know "what their government is up to." *See Painting Indus. Of Haw. Mkt. Recovery Fund v. U.S. Dept. of Air Force*, 26 F.3d 1479, 1484 (9th Cir. 1994) (quoting *U.S. Dep't of Justice v. Reporters Comm.*, 489 U.S. 749, 772-73 (1989)). The disclosure of personal contact information and hand-written signatures of Guidant employees simply has no bearing on that public interest and, indeed, subjects them to the ever-increasing threat of identity theft.

### B. HHS Properly Withheld and Redacted Documents Containing Guidant's Sensitive Commercial Information Pursuant to Exemption b(4).

Plaintiff also alleges that HHS improperly withheld and redacted documents pursuant to FOIA Exemption b(4), which exempts "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 554 (b)(4). Specifically, Plaintiff claims that "Guidant's policies for FDA compliance, and the associated internal policy numbers, the identity of the independent review organization and report, and information regarding the company's organizational structure" are "excluded from 'trade secrets' under the narrow definition applied in FOIA cases." (Pl.'s Opp'n to Summ. J. at 14.) Plaintiff also contends that HHS and Guidant have not explained how its competitors may benefit if the documents at issue were publicly available. (*Id.* at 17.) Finally, Plaintiff speculates that some of the information for which HHS has determined exempt from disclosure under § b(4) is "readily available to any stockholder" or is "not likely to substantially aid competitors." Plaintiff misunderstands FOIA's requirements and ignores Defendants' arguments.

#### 1. Guidant's Internally-Developed Procedures For Complying With Applicable FDA Regulations Are Trade Secrets.

Plaintiff contends that HHS and Guidant have improperly sought to protect "policies for FDA compliance, and the associated internal policy numbers, the identity of the independent review organization and report, and information regarding the company's organizational structure" as trade secrets under FOIA exemption b(4). (*See* Pl.'s Opp'n to Summ. J. at 14.) Nowhere in their Joint Motion for Summary Judgment do HHS or Guidant allege that these documents warrant trade secret protection. Rather, it is clear from the Memorandum in Support of the Joint Motion, the Vaughn Index and Chin-Purcell Declaration that HHS withheld this information because it is confidential and commercial in nature, and would likely benefit Guidant's competitors if it became public. (*See, e.g.*, Mem. in Supp. of Joint Mot. for Summ. J. at 14-15.)

However, some of Guidant's internally developed *procedures* for complying with FDA regulations do constitute trade secrets, which HHS defines as "a secret, commercially valuable plan,

formula, process or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of wither innovation or substantial effort. 45 C.F.R. § 5.65(a); *see also, e.g., Heeney v. Garvey*, 200 F. Supp. 2d 1321, 1326 (D. Wyo. 2000) (protecting materials "[that] represent plans, formulae, process and procedures which were used for the development, quality assurance, and manufacture" of an aircraft). Plaintiff does not attempt to explain why Guidant's proprietary compliance procedures do not constitute trade secrets. Even if Plaintiff had argued otherwise, Guidant's compliance procedures are clearly also exempt from disclosure as confidential commercial information.

### 2. HHS And Guidant Provided Specific Details As To Documents Containing Guidant's Confidential Commercial Information.

Hersh & Hersh claims that HHS and Guidant do not explain how Guidant's competitors would benefit if the documents at issue were released publicly, or the likelihood that Guidant's competitors would use its compliance information. Plaintiff's Opposition to Summary Judgment at 17. Plaintiff has either misunderstood FOIA's requirements or has not read Defendants' brief, the Vaughn Index or the Chin-Purcell Declaration.

FOIA exemption b(4) protects trade secrets as well as information which is commercial or financial, obtained from a person, and privileged and confidential. *See GC Micro Corp. v. Defense Logistics Agency*, 33 F.3d 1109, 1112 (9th Cir. 1994); 45 C.F.R. § 5.65 (2007) (HHS regulation explaining exemption b(4)). Records are commercial so long as the submitter has a "commercial interest" in them. *Public Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983). A commercial interest will be found when the records in question concern business or trade. *See Public Citizen*, 704 F.2d at 1290. Finally, records are "confidential" under FOIA exemption b(4) when disclosure would either (1) impair the Government's ability to obtain necessary information in the future or (2) cause substantial harm to the competitive position of the person from whom the information was obtained. As HHS and Guidant detailed in the joint motion, both factors are implicated in the present case.

Disclosure will impair the Government's ability to negotiate release of necessary information in the future in cases "where the Government has obligated itself in good faith not to disclose

13

documents or information which it receives . . ." *See Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 768 (D.C. Cir. 1974) (quoting FOIA legislative history). Here, Guidant provided documents to HHS under the CIA with the express understanding that the documents contained "confidential commercial information under applicable FOIA rules." (*See* Chin-Purcell Decl., Ex. 2-4.)

Second, HHS and Guidant specifically detailed the competitive and highly regulated nature of the medical device industry, the lengths to which Guidant has gone to develop policies and procedures to comply with federal regulations, and the extent to which its policies and procedures would be useful to its competitors if publicly disclosed. (*See generally* Chin-Purcell Decl.; Eckert Decl., Ex. 8 (Vaughn Index).) Plaintiff's contention that Guidant has not provided sufficient detail in this regard is conclusory, and ignores the controlling language in the Declarations.

## CONCLUSION

For the foregoing reasons, and the reasons stated in their Joint Motion, Guidant and HHS respectfully request that the Court grant its Joint Motion for Summary Judgment, and order Hersh & Hersh to return the first production of documents, which the agency provided on March 31, 2006 and February 27, 2007, respectively, and which mistakenly contained documents exempt from disclosure under FOIA. Guidant and HHS further respectfully request that the Court deny Plaintiff's request for sanctions.

Respectfully submitted,

Dated: December 5, 2007            SHOOK, HARDY & BACON L.L.P.


By: _____/s/ Darolyn Y. Hamada_____
         Darolyn Y. Hamada

FRANK C. ROTHROCK, State Bar No. 54452
DAROLYN Y. HAMADA, State Bar No. 192334
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

```
                                    Email: frothrock@shb.com


                                    JAMES K. VINES (admitted pro hac vice)
                                    SIMEON M. SCHOPF (admitted pro hac vice)
                                    KING & SPALDING
                                    1700 Pennsylvania Ave., NW, Suite 200
                                    Washington, DC 20006-4706
                                    Telephone: (202) 737-0500
                                    Facsimile: (202) 626-3737
                                    Email: jvines@kslaw.com
                                    Email: sschopf@kslaw.com


                                    Attorneys for Intervenor-Defendant
                                    Guidant Corporation


Dated: December 5, 2007             SCOTT N. SCHOOLS
                                    United States Attorney



                                    By:      /s/ Sara Winslow
                                             Sara Winslow
                                          Assistant United States Attorney

                                    Scott N. Schools (SCBN 9990)
                                    United States Attorney
                                    Joann M. Swanson (CSBN 88143)
                                    Chief, Civil Division
                                    Sara Winslow (DCBN 457643)
                                    Assistant United States Attorney
                                    450 Golden Gate Ave., Box 36055
                                    San Francisco, CA 94102
                                    Telephone: (415) 436-6925
                                    Facsimile: (415) 436-6748
                                    Email: sara.winslow@usdoj.gov

                                    Attorneys for Defendant HHS
```

46086v2

15