UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERSH & HERSH

    Plaintiff(s),

    v.

US DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

    Defendant(s).

_____/

No. C 06-4234 PJH

**ORDER DENYING APPLICATION FOR ATTORNEY'S FEES**

Plaintiff Hersh & Hersh's motion for attorney's fees and costs was heard on July 9, 2008. Mark Burton appeared for plaintiff; Sara Winslow appeared for defendant Department of Health and Human Services ("HHS"). Specifically, plaintiff seeks fees in the amount of $186,395 or $174,995 and costs in the amount of $2,428.52, for work done on its own behalf on its complaint for injunctive relief in which it sought the release of records from defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the reasons that follow, the court DENIES the motion.

FOIA provides that government agencies "shall make available to the public" certain qualifying information, upon proper request. See 5 U.S.C. § 552(a). FOIA also allows district courts to exercise jurisdiction over government agencies in order to require compliance with FOIA's disclosure requirements, wherever a requester has properly filed a complaint under FOIA. See id. at § 552(a)(4)(B).

When a plaintiff "substantially prevails" on such a complaint, FOIA empowers the district court to assess "reasonable attorney's fees" and reasonably incurred "litigation costs" against the government. See 5 U.S.C. § 552(a)(4)(E)(I). Although the FOIA provides for an award of fees and costs, however, it does not mandate recovery of fees in

those instances. Rather, in order to receive an award of fees, a prevailing party in a FOIA action must demonstrate both eligibility for *and* entitlement to such a recovery. See, e.g., Church of Scientology of Cal. v. U.S. Postal Serv., 700 F.2d 486 (9th Cir. 1983); see also Long v. I.R.S., 932 F.2d 1309, 1313 (9th Cir. 1991).

A plaintiff is deemed to be eligible for fees if he has "substantially prevailed" on his complaint, as defined under the statute. FOIA deems a plaintiff to have "substantially prevailed" if he has "obtained relief through either ... [a] a judicial order, or an enforceable written agreement or consent decree; or [b] a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." See 5 U.S.C. § 552(a)(4)(E)(ii).

If a plaintiff demonstrates eligibility for fees, the district court may then, in the exercise of its discretion, determine that the plaintiff is entitled to an award of fees and costs. In exercising its discretion on the question of entitlement to fees, the district court should be guided by the four factor test employed by the Ninth Circuit which requires to court to evaluate: (1) the benefit to the public deriving from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest; and (4) whether the Government's withholding of the records sought had a reasonable basis in law. See, e.g., Church of Scientology 700 F.2d 486 (9th Cir. 1983); Long, 932 F.2d at 1313. These four factors are not exhaustive, however, and the court may take into consideration "whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate." Long, 932 F.2d at 1313.

Once a plaintiff has proven both eligibility for and entitlement to fees and costs, the court must award reasonable fees. Id. Specifically, the court must scrutinize the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed. If these two figures are reasonable, then there is a "strong presumption" that the product of these two amounts – i.e., the lodestar amount – represents a reasonable award. Id. The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption

and indicate that an adjustment is necessary. Id.

First, on the question whether plaintiff substantially prevailed on its complaint, the record reflects that on March 31, 2006 HHS released 859 pages of documents pre-complaint pursuant to plaintiff's FOIA request and also advised plaintiff that more documents were forthcoming and withheld other documents as exempt. The second and final production was made on February 27, 2007 of 439 additional pages. HHS again withheld documents as exempt. Although this second production occurred after plaintiff had filed its complaint on July 10, 2006, the court is persuaded by the correspondence between the parties that it was a continuation of the administrative process and not, as plaintiff argues, in response to its lawsuit. See June 18, 2007 Declaration of Robert Eckert ISO HHS Motion to Dismiss. Thus, the court evaluates whether plaintiff substantially prevailed on the basis of the result produced by its complaint.

The court granted summary judgment on March 31, 2008, in defendant's favor with respect to the vast majority of contested documents (approx. 4000), all of which were withheld and/or redacted pursuant to exemption (b)(4). While true that the court denied summary judgment respect to the claimed (b)(6) exemption, the court's finding only resulted in the disclosure to plaintiff of 18 pages of documents. Even though this minuscule amount is not dispositive of the question whether plaintiff has substantially prevailed, it is a factor that the court may consider and one that suggests that plaintiff has *not* substantially prevailed. More significantly, the nature and quality of the information that plaintiff received – the business addresses, phone numbers, and job titles of Guidant employees – is itself insubstantial particularly when compared to the type of information that was generally sought by plaintiff. Indeed, the court finds that contrary to plaintiff's position, the disclosed information does not provide critically important information to the public. Accordingly, the court finds that plaintiff has demonstrated neither significant relief through a "judicial order" nor a "voluntary or unilateral change in position by the agency" with respect to a "not insubstantial" claim and is therefore not eligible for fees. See 5 U.S.C. § 552(a)(4)(E)(ii).

Second, even if plaintiff had demonstrated eligibility, plaintiff has not demonstrated entitlement to fees and costs. This determination rests on an analysis of the four factor test referred to above. Even assuming that the first and fourth factors are satisfied – the benefit to the public deriving from the case, and whether the Government's withholding of the records sought had a reasonable basis in law – the court does not find that on balance they outweigh the remaining factors. Those factors – the commercial benefit to the complainant, and the nature of the complainant's interest – strongly counsel against an award of fees. As plaintiff alleged in its complaint and explained to the court at one or more hearing held in this case, plaintiff originally sought the documents in question because it was litigating a separate private lawsuit against Guidant, relating to Guidant's purportedly defective medical devices. Accordingly, plaintiff undertook this FOIA request for decidedly commercial purposes. And as defendant points out, plaintiff essentially used FOIA as a substitute for normal discovery in the separate litigation that it was pursuing. Furthermore, it bears repeating that the vast majority of the information that plaintiff sought to have disclosed, was not ultimately ordered subject to disclosure. Accordingly, the court finds that plaintiff is not entitled to fees.

Finally, the court finds that the amount of fees sought is unreasonable given that plaintiff has made no attempt to segregate hours expended on its unsuccessful challenge of the b(4) exemption from those expended on its successful challenge of the b(6) exemption, and no attempt to segregate hours expended on its unsuccessful motion practice from those expended on its successful motion practice.

The motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2008

PHYLLIS J. HAMILTON
United States District Judge

4